# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MIGUEL RODRIGUEZ

## DEFENDANTS
WIDENER UNIVERSITY, CITY OF CHESTER PA., DAVID COUGHLIN, DENISE GIFFORD, PATRICK SULLIVAN, MATTHEW DONOHUE

**(b)** County of Residence of First Listed Plaintiff: **DELAWARE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **DELAWARE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SEE ATTACHMENT

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983, 18 U.S.C. 1030, 2701, 29 U.S.C. 704,.

Brief description of cause:
Denial of Civil Rights, Unauthorized use of electronic communications, wrongful termination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/13/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Lewis P. Hannah, Esquire

#57247

Attorney for Plaintiff

1315 Walnut Street, Suite 1326

Philadelphia, PA 19107

lphcourtfilings@verizon.net


Clinton L. Johnson, Esquire

#27996

Attorney for Plaintiff

1315 Walnut Street, Suite 1326

Philadelphia, PA 19107

Clintonjohnson1010@comcast.net

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL RODRIGUEZ | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| Plaintiff | : | COMPLAINT |
| | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY, | : | JURY TRIAL DEMANDED |
| CITY OF CHESTER, PENNSYLVANIA, | : | |
| DAVID COUGHLIN, DENISE GIFFORD | : | |
| PATRICK SULLIVAN, MATTHEW | : | |
| DONOHUE | : | |
| Defendants | : | |
| | : | |

## DISCLOSURE STATEMENT FORM

Miguel Rodriguez plaintiff in the above listed civil action is not a nongovernmental corporate entity and therefore does not have any parent corporation and publicly held corporation that owns 10% or more of stock.

Date: 3/12/13

Lewis P. Hannah, Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **399 Kenon Drive Upper Chichester, Pa. 19061**

Address of Defendant: **One University Place Chester, Pa. 19013**

Place of Accident, Incident or Transaction: **March 17, 2011 Widener University**
(Use Reverse Side For Additional Space)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☐

Does this case involve multidistrict litigation possibilities?  Yes☐  No☐

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **LEWIS P. HANNAH**, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **3/12/13**  _____ Attorney-at-Law  **57247** Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **3/12/13**  _____ Attorney-at-Law  **57247** Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __399 Kenon Drive Upper Chichester, Pa. 19061__

Address of Defendant: __One University Place Chester, Pa. 19013__

Place of Accident, Incident or Transaction: __March 17, 2011 Widener University__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☐

Does this case involve multidistrict litigation possibilities?    Yes☐   No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __LEWIS P. HANNAH__, counsel of record do hereby certify:
 ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
 ☐ Relief other than monetary damages is sought.

DATE: __3/12/13__        _____        __57247__
                        Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/12/13__        _____        __57247__
                        Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL RODRIGUEZ | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| Plaintiff | : | COMPLAINT |
| | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY, | : | JURY TRIAL DEMANDED |
| CITY OF CHESTER, PENNSYLVANIA, | : | |
| DAVID COUGHLIN, DENISE GIFFORD | : | |
| PATRICK SULLIVAN, MATTHEW | : | |
| DONOHUE | : | |
| Defendants | : | |
| | : | |

## INTRODUCTION

Plaintiff, Miguel Rodriguez, a decorated veteran brings this action to redress the deprivation under color of state law of his constitutional and civil rights. Plaintiff further seeks to recover damages caused by defendants' invasion of Plaintiff's privacy, theft of Plaintiff's private information and unlawful interception access to acquired exported data and other stored electronic communications in violation of The Electronic Communications Privacy Act, The Stored Communications Act, .§1983 of the Civil Rights Act, the Fifth Amendment of the United

States Constitution the Pennsylvania Wiretapping and Electronic Surveillance Act 18 Pa. C.S.A. §1507 et. seq. ("PWESA") The Rehabilitation Act 29 U.S.C. § 704 and Pennsylvania Common Law.

## JURISDICTION

This action is brought pursuant to 42 U.S.C. §1983 of the Civil Rights Act. §§ 2511 and 2520 of The Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.§ 1030, § 2701 of The Stored Communications Act ("SCA"), the Fourth and Fifth Amendments of the United States Constitution the Rehabilitation Act , 29 U.S.C. § 704 and the Pennsylvania Wiretapping and electronic Surveillance Act 18 Pa. C.S.A§.5701 et.seq. ("PWESA"), and Pennsylvania common law.

The Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C.§§1331 and 1137 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## VENUE

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) as each defendant is a resident of and/or maintains a permanent business office in this district.

## PARTIES

1. Miguel Rodriguez is an honorably discharged veteran of the U.S. Navy and resides at 399 Keanon Drive, Upper Chichester, PA 19061.

2. The defendant, Widener University ("Widener") is a corporate educational entity which provides post-secondary and graduate school education. Its main place of business is located at One University Place, Chester, PA 19013.

3. The defendant, Dr. Denise Gifford ("Gifford") is an adult individual who is an Associate Provost Dean of Students at Widener University

4. The defendant David Coughlin ("Coughlin") is an adult individual who is a professor at Widener University.

5. The defendant, City of Chester is a municipal corporation with its principal place of business located at One Fourth Street, Chester, PA 19013.

6. Defendant Patrick Sullivan ("Sullivan") was at all times relevant an employee of Widener University and employed as the Director of Campus Safety.

7. Defendant Matthew Donohue ("Donohue") was at all times relevant an employee of the City of Chester employed as a police officer.

## FACTUAL AND GENERAL ALLEGATIONS

8. Plaintiff initially enrolled at Widener University in September 2008 under the G.I. Bill after serving 6 years in the U.S. Navy.

9. While in the Navy Plaintiff trained in search and rescue, first aid and emergency medicine and as an Emergency Medical Technician (EMT).

10. Plaintiff was enrolled in the Biology Pre-Med Program in pursuit of his goal to become a medical doctor.

11. Plaintiff achieved above average grades and at the time of the occurrence of the facts herein was interviewing with various medical schools for admission.

12. At the time of his enrollment, Plaintiff was assigned defendant Coughlin as his advisor. Plaintiff and Coughlin were at odds as a result of Plaintiff's view on "Creationism" and Coughlin's views on "Evolution". Defendant Coughlin expressed a dislike for plaintiff because of his race African American. Also defendant Coughlin refused to provide any assistance to Plaintiff and ignored his requests for help or advice.

13. While enrolled Plaintiff was employed by Defendant Widener as an advisor and Operations Manager.

14. On or about March 16, 2011, Plaintiff was required to appear in the office of Dean Denise Gifford.

15. On information and belief, Defendants, Gifford, Sullivan and Widener obtained proprietary information from Plaintiff's medical providers in North Carolina without Plaintiff's authorization.

16. On or about March 16, 2011, without Plaintiff's authorization Defendant Sullivan gained access to Plaintiff's Facebook account and printed images therefrom.

17. Without being advised of his "Miranda" rights, Plaintiff was interrogated by defendants Donahue, Sullivan and Gifford regarding certain email transmissions and Facebook postings.

18. During the interrogation Plaintiff was asked questions about his meritorious military service.

19. According to defendant Sullivan, plaintiff was suspended due to the fact that he was perceived to be a threat to the community and due to the fact that he displayed weapons on Facebook.

20. Also during the interrogation, defendant Donohue mistakenly thought he heard plaintiff say in, the presence of defendant Sullivan, something to the effect that he was trained to kill and would kill again.

21. Defendant Sullivan testified under oath that plaintiff did not make such a statement.

22. At the end of the interrogation defendant Donohue concluded that since plaintiff was "very calm", it was necessary for Plaintiff to be involuntarily evaluated mentally by a Psychiatrist at Crozer Chester Medical Center.

23. On information and belief, defendant Donohue communicated his conclusions to defendants Gifford and Sullivan

24. At the conclusion of the interrogation, plaintiff was involuntarily transported by Donahue in a marked police car to the Crozer Chester Medical Center.

25. During the investigation plaintiff was informed that he was temporarily suspended by defendant Widener University.

26. While in the police car and outside of the presence of defendants Sullivan and Gifford, defendant Donohue searched Plaintiff's backpack and found a knife and less than 30 grams of marijuana.

27. For the period commencing March 17, 2011 and ending March 24, 2011, Plaintiff was subjected to involuntary testing and evaluation. Thereafter, on information and belief,

defendants, without Plaintiff's authorization, obtained results of his testing and evaluation from Crozer Chester Medical Center.

28. As the result of the involuntary commitment, Plaintiff was forced to miss an interview for admission to medical school, awards and school.

29. On or about March 24, 2011 plaintiff was discharged and cleared to return to school.

30. By letter dated March 25, 2011, Plaintiff was advised that he was suspended from the University because the Chester Police, while plaintiff was in police custody, found less than 30 grams of marijuana and a knife in his book bag. Conversely, in order to be readmitted, plaintiff was required to be assessed by a Dr. Beth Howlett in the office of Disabilities Services at defendant Widener University.

31. For the period commencing March 16, 2011 and ending March 24, 2011, defendant Coughlin made various libelous statements.

    a. On or about the evening of March 16, 2011 Coughlin placed a call to campus security falsely stating that plaintiff was restricted from campus.

    b. On or about March 24, 2011 Coughlin made a series of calls to Detective Nelson Collins of the Chester Police Department to state that plaintiff had threatened to kill him.

32. Upon information and belief on or about March 25, 2011.defendants Widener University, City of Chester Pennsylvania, Gifford, Patrick Sullivan and Donohue agreed and acted together to dismiss plaintiff as a student from the University and terminate his employment with the University.

## COUNT I

### Violation of the Civil Rights Act (42 U.S.C. §1983).

33. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

34. Section 1983 states in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress..."

35. All defendants are "persons" within the meaning of §1983, in that at all times material hereto they were acting under the color of state law as a political subdivision of the Commonwealth of Pennsylvania, or a representative thereof.

36. Plaintiff's unwarranted dismissal from the University, and the termination of his employment deprived plaintiff of his right to privacy as protected by the Fourth Amendment of the United States Constitution.

37. Plaintiff first learned of defendants unlawful deprivation of his privacy rights on March 17, 2011, therefore this action has been commenced within §1983's applicable two year statute of limitation;

38. Plaintiff's unlawful interrogation by the University and his unlawful custody by the Chester Police Department in restraining plaintiff and wrongfully having him admitted to the hospital violated his rights under the fourth and fifth amendments.

39. Defendants conduct in accessing and distributing plaintiff's e-mail and Facebook images resulted in the deprivation of Plaintiff's constitutionally protected right to privacy. Defendants' acts were intentional, extreme and outrageous, and thereby entitles plaintiff to an award of punitive damages.

## COUNT II

## 42 U.S.C. §§ 1985

40. Plaintiff incorporates reference paragraphs 1 through 37 though fully set forth herein.

41. On information and belief, defendants were acting under color of law, to deprive plaintiff of his rights secured by the Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §§ 1985.

42. On information and belief, the aforesaid defendants, and each of them, engaged in actions in furtherance of the aims of a conspiracy that resulted in the deprivation of the aforesaid constitutional and statutory rights of plaintiff.

## COUNT III

## VIOLATION OF EQUAL PROTECTION

43. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

44. The City of Chester and Widener are state actors for purposes of 42 U.S.C. §1983.

45. These Defendants violated Plaintiff's rights to equal protection because they **A.** discriminated and retaliated against him based upon his disability. **B.** discriminated and retaliated

against him based on his race, and **C.** he was treated differently not because of his race or his disability but his status as a "class of one."

46. They also violated his equal protection rights when for arbitrary and capricious reasons failed to follow their own policies concerning accommodations.

47. Plaintiff suffered injuries as a result of the Defendants conduct. First he was dismissed from the pre-med program. Second, he lost his jobs as tutor and Advisor and Operations Manager at the University. Third, he suffered emotional distress, anxiety embarrassment and fear.

## COUNT IV

## INVASION OF PRIVACY (U.S. Cons. Amend IV)

48. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

49. At a minimum and pursuant to the Fourth Amendment of the U.S. Constitution, Plaintiff has a reasonable expectation of privacy with respect to his Facebook account and more importantly his communications with medical professionals.

50. In Particular, defendants obtained medical information without the consent of plaintiff from the hospitals he was admitted to.

## COUNT V

## VIOLATION OF THE REHABILITATION ACT

51. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

52. Widener is in receipt of federal funds and is a federal contractor. Hence it is bound to observe the requirement under 29 U.S.C. § 704 of the Rehabilitation Act.

53. In pertinent part, The Rehabilitation Act defines the term "individual with a disability" means any person who "…is regarded as having such an impairment…"

54. When Defendant employees of Defendant Widener regarded Plaintiff as having suffered a mental disability, it was obligated to provide accommodations with respect to both his status as a student and employee.

55. Widener refused to give Plaintiff any accommodation instead choosing to terminate his employment and dismissing him as a student.

## COUNT VI – INTERCEPTION OF ELECTRONIC COMMUNICATIONS UNDER THE ECPA

56. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

57. Plaintiffs and the Class assert this Count against all Defendants, jointly and severally, pursuant to §§2511 and 2520 of the ECPA, 18 U.S.C. §§2511 and 2520.

58. Section 2511 of the ECPA provides in part:

    (1) Except as otherwise specifically provided in this chapter any person who-

        (a) Intentionally intercepts, endeavors to intercept or procures any other person to intercept, or endeavor to intercept, any…electronic communications;

        (b) intentionally uses, or endeavor to use, the contents of any…electronic communication knowing or having reason to know that the information was obtained through the interception of a[n]…electronic communication in violation of this

subsection; …shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

59. Section 2520 of the ECPA provided in part:

(a) In general – Except as provided in section 2511(2)(a)(ii), any person whose…electronic communication is intercepted…or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

(b) Relief – In the action under this section, appropriate relief includes –

(1) such preliminary and other equitable or declaratory relief as may be appropriate

(2) damages under subsection (c) and punitive damages in appropriate cases; and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

60. Section 2510 of the ECPA, setting forth the definition of the terms in §2511, defines "person" to include "any employee, or agent of the United States or any State or political subdivision thereof…" 18 U.S.C. §2510(6). Accordingly, each Defendant is a "person" within the meaning of §2511.

61. Section 2510 defines "electronic communication" to include "any transfer of signs, signals, writing, imaging, sounds, data, or intelligence of any nature transmitted in whole or in part by a wife, radio, electromagnetic, photo electronic, or photo optical system that affects interstate or foreign commerce,…" 18 U.S.C. §2510(12). Accordingly, defendants' went into plaintiff's e-mail and obtained information about plaintiff.

62. Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device. 18 U.S.C. §2510(4) Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action. 18 U.S.C. §2510(5)

63. By virtue of the foregoing, Plaintiff is a "person whose...electronic communication is intercepted...or intentionally used in violation of this chapter" within the meaning of §2520.

64. By virtue of the foregoing, Defendants are liable to Plaintiff for their violations of §§2511 and 2520 of the ECPA.

65. Since Plaintiff first learned of Defendants' unlawful accessing of his Facebook account on March 17, 2011, this action is timely and not beyond ECPA's appli8cable statute of limitations.

66. Defendant's actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiff to an award of punitive damages.

67. Plaintiff has no adequate remedy at law for Defendants continued violation of the ECPA.

## COUNT VII

### STORED COMMUNICATIONS ACT (18 U.S.C.§2701)

68. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

69. Section 2701 of the SCA provides, in pertinent part:

Except as provided in subsection (c) of this section, whoever-

    1)  intentionally accesses without authorization a facility through which an electronic communication service is provided; or

    2)  intentionally exceeds an authorization to access that facility;

and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage such system shall be punished as provided in subsection (b) of this section.

  70.  Section 2711 of the SCA defines "electronic communication" as "any transfer signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system that affects interstate or foreign commerce…" 18 U.S.C. §§2711, 2510(12). Accordingly, the webcam images complained of are "electronic communications' within the meaning o the SCA.

  71.  Section 2711 of the SCA defines "person" to include "any employee, or agent of the United states of a State or political subdivision thereof, and any individual, partnership association…" 18 U.S.C. §§2711, 2510(6). Accordingly, all Defendants are "persons" within the meaning of the SCA.

  72.  Section 2711 of the SCA defines "electronic storage" to include "any temporary intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof… "18 U.S.C. §§2711, 2510(17)(A).

  73.  Defendants' use and access of Plaintiff's Facebook images constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA.

  74.  Section 2701(b) of the SCA provides punishment in those instances where the unauthorized acquisition of stored electronic communications was not done for commercial gain or advantage of "a fine under this title or imprisonment for not more than six months, or both…"

Section 2711 of the SCA defines "person" to include "any employee, or agent of the United states of a State or political subdivision thereof, and any individual, partnership association..." 18 U.S.C. §2701(b)(b)(B).

    1)     Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation, or $1,000.00, whichever is higher.

    2)     Punitive damages.

    3)     A reasonable attorney's fee and other litigation costs reasonably incurred.

### COUNT VIII – INVASION OF

### PRIVACY; PENNSYLVANIA COMMON LAW

75.     Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

76.     At all times material hereto, and pursuant to the common law of Pennsylvania, Plaintiff had a reasonable expectation of privacy with respect to his Facebook account.

77.     Plaintiff was never informed of Defendant's capability and practice of unauthorized access of his Facebook account.

**WHEREFORE**, Plaintiff, request judgment in their favor and against Defendants,Widener University, City of Chester Pennsylvania, David Coughlin, Denise Gifford, Patrick Sullivan, and Matthew Donohue

    1)     for compensatory damages;

    2)     for punitive damages;

    3)     for liquidated damages pursuant to the PWESA;

    4)     for attorneys' fees and costs;

    5)     for declaratory and injunctive relief; and

      6)     for such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

**WHEREFORE,** plaintiff demands judgment, jointly and severally, against the defendants and pray for the following relief:

1. Compensatory damages;

2. Emotional damages;

3. Pain and Suffering;

4. Punitive Damages;

5. Attorneys' Fees and Costs; and

6. Such other relief as the Court may deem just.

Respectfully submitted,

_____

Lewis P. Hannah, Esquire

Attorney for Plaintiff

1315 Walnut Street, Suite 1326

Philadelphia, PA 19107

lphcourtfilings@verizon.net

_____

Clinton L. Johnson, Esquire

Attorney for Plaintiff

1315 Walnut Street, Suite 1326

Philadelphia, PA 19107

Clintonjohnson1010@comcast.net

Dated: 3/12/13