IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MIGUEL RODRIGUEZ | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | NO. 2:13-CV-01336-JP |
| vs. | : | |
| WIDENER UNIVERSITY, CITY OF CHESTER, PENNSYLVANIA, DAVID COUGHLIN, DENISE GIFFORD PATRICK SULLIVAN, MATTHEW DONOHUE Defendants. | : | |

### ORDER

AND NOW, to wit, the _____ day of _____, 2013, upon consideration of Defendants', Widener University, David Coughlin, Denise Gifford and Patrick Sullivan's, Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and Plaintiff's Response thereto, if any, it is hereby **ORDERED** and **DECREED** that Plaintiff's Complaint is **DISMISSED** as to Widener University, David Coughlin, Denise Gifford and Patrick Sullivan.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL RODRIGUEZ | : CIVIL ACTION |
| Plaintiff, | : NO. 2:13-CV-01336-JP |
| vs. | : |
| WIDENER UNIVERSITY, CITY OF CHESTER, PENNSYLVANIA, DAVID COUGHLIN, DENISE GIFFORD PATRICK SULLIVAN, MATTHEW DONOHUE<br>Defendants. | : |

**DEFENDANTS', WIDENER UNIVERSITY, DAVID COUGHLIN, DENISE GIFFORD AND PATRICK SULLIVAN, MOTION TO DIMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(1) and (6)**

Defendants, Widener University, David Coughlin, Denise Gifford and Patrick Sullivan (hereinafter, "Widener Defendants"), by and through their counsel, Rocco P. Imperatrice, III, Esquire, hereby move this Honorable Court to dismiss Plaintiff's Complaint averring in support the following:

1. Counts I, II, III, and IV of Plaintiff's Complaint assert various causes of action against the Widener Defendants as "state actors" acting "under color of law."

2. Widener University is a private, non-profit institution and David Coughlin, Denise Gifford, and Patrick Sullivan are all employees of Widener University.

3. None of the Widener Defendants are "state actors."

4. None of the Widener Defendants acted under "color of law."

5. Count V of Plaintiff's Complaint asserts a claim sounding in disability discrimination, i.e., alleged violation of Section (sic)704 of the Rehabilitation Act for failure to accommodate.

6. At no time prior to his suspension did Plaintiff provide Widener Defendants with any evidence of disability, nor did Plaintiff request any accommodations through the Widener Defendants' Disability Coordinator or Office of Student Services or otherwise; rather, Plaintiff was suspended for the possession of a five (5") inch knife and marijuana on the campus of the Widener Defendants, said suspension being wholly unrelated to any claimed disability or refusal to accommodate.

7. Additionally, Plaintiff cannot claim disability discrimination where he has failed to disclose any disability prior to adverse disciplinary action.

8. Plaintiff's final counts, Counts VI, VII and VIII, allege violation of federal wiretap and electronic communications laws and/or invasion of privacy for receiving posts on Plaintiff's Facebook Account (under the pseudonym "Broseidon Steele", Exhibit "A" hereto) which read, in part:

> "What's stopping me from building a college…. I first need a spot to take over. And knowledge. And experience. And a gun. Well, my concealed weapons permit was denied so I suppose the weapon has shifted, the level has lifted, I warned you I was gifted and you tested, and now the heavens are epic, this [s—t] is electric, this warning is epic." Exhibit "A", p.4.

9. Plaintiff also posted photos of five handguns and a shotgun on his Facebook page together with the threatening posts. Exhibit "B" hereto.

10. Plaintiff also forwarded concerning e-mail to several recipients, including faculty members of the Widener Defendants. Exhibit "C" hereto.

11. Plaintiff had no expectation of privacy in his Facebook account or as to e-mails he sent to various individuals (including to a Defendant herein).

12. Plaintiff fails to set forth any federal or state cause of action for invasion of privacy or violation of wiretap or electronic communications laws.

13.     Alternatively, the Court should decline to exercise jurisdiction over the alleged state invasion of privacy claim.

**WHEREFORE**, the Widener Defendants move this Honorable Court to **DISMISS** Plaintiff's Complaint in its entirety as to the Widener Defendants.

                                            **IMPERATRICE, AMARANT & BELL, P.C.**

                                        By: _____
                                        ROCCO P. IMPERATRICE, III, ESQUIRE

Dated: April 4, 2013           Attorney for Widener Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL RODRIGUEZ | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 2:13-CV-01336-JP |
| | : | |
| vs. | : | |
| | : | |
| WIDENER UNIVERSITY, | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | |
| DAVID COUGHLIN, DENISE GIFFORD | : | |
| PATRICK SULLIVAN, | : | |
| MATTHEW DONOHUE | : | |
| Defendants. | : | |

## DEFENDANTS', WIDENER UNIVERSITY, DAVID COUGHLIN, DENISE GIFFORD AND PATRICK SULLIVAN, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DIMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(1) and (6)

I.   FACTS.

On March 16, 2011, various text messages and "Facebook" postings were forwarded to certain Widener Defendants, who notified campus safety. Campus safety visited Plaintiff in his dormitory room and observed target practice posters with holes in them. Subsequently, a faculty member advised campus safety that Plaintiff had posted potentially threatening statements and photos of five handguns and a shotgun on his Facebook account, under the pseudonym "Broseidon Steele."

The City of Chester police were notified on March 17, 2011, and requested and were given copies of Plaintiff's e-mails and Facebook postings including the photographs of the Plaintiff's weapons.

Thereafter, the Chester police commenced an investigation and determined that Plaintiff, who had a prior history of a mental health commitment, should be transported to the Crozer Crisis Center at Crozer Chester Medical Center. The Chester police then

searched Plaintiff's belongings and discovered "a five inch military style knife" and a "small amount of marijuana."

Plaintiff was transported to the Crozer Crisis Center by Chester police and involuntary commitment paperwork was completed.

As a result of Plaintiff's possession of a weapon and illegal drugs upon the campus of the Defendant, Widener University, on March 25, 2011, Plaintiff was suspended with an option for re-admission. Despite being advised of the pre-conditions for re-admission on multiple occasions, Plaintiff has failed to comply with the requisite pre-conditions for readmission.

Given the above factual scenario, Plaintiff has seen fit to bring suit against the Widener Defendants as "state actors" acting under "color of law" violating various and sundry federal and state laws.

II. ISSUES.

    A. Are the Widener Defendants "state actors" acting under "color of law" for purposes of 42 U.S.C. §1983, and §1985, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution?

        Answer: No.

    B. Can the Plaintiff maintain a cause of action under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, for refusal to accommodate where Plaintiff had never disclosed a disability or sought an accommodation prior to his suspension from Defendant, Widener University?

        Answer: No.

C. Can the Plaintiff maintain a claim for violation of 18 U.S.C. §§2511 or 2701 relating to electronic or stored communications or for invasion of privacy for the viewing of postings on Plaintiff's Facebook page or as a result of e-mails forwarded to Widener Defendants by the Plaintiff?

Answer: No.

III. ARGUMENT.

A. Are the Widener Defendants "state actors" acting under "color of law" for purposes of 42 U.S.C. §1983 and §1985, and the Fourth, Fifth and Fourteenth Amendment of the United States Constitution?

Answer: No.

It is universally and unquestionably accepted that, in order for an action to lie, premised upon 42 U.S.C. §1983 or §1985, a

> [p]rerequisite to the vesting of federal jurisdiction for an alleged wrong under [§1983 or §1985] is a deprivation or right guaranteed by the Constitution and laws of the United States, and such deprivation must be "under color of law" that is, there must be state action.

*Watson v. Henlick Coal Co., Inc.*, 498 F.2d 1183 (6th Cir. 1974), *cert. den.* 95 S.Ct. 2639, 422 U.S. 1012, 45 L.Ed. 2d 677 (1975).

"To state a claim under Section 1983, a plaintiff must demonstrate that (1) the Defendants acted under color of law; and (2) their actions deprived him of rights secured by the Constitution or federal statutes." *Anderson v. Davida*, 125 F. 3d 148, 159 (3d Cir. 1997). *See also, Jordan v. Fox, Rothschild, O'Brien and Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994).

"The 'under color of state law' element is a requisite for a *prima facie* case. 'The color of state law element is a threshold issue; there is no liability under §1983 for those not acting under color of state law'." *Kist v. Fatula*, 2007 U.S. Dist. LEXIS 60615 (W.D.

Pa. 2007). *See also, Groman v. Twp. Of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) *citing Gomey v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed. 2d 572, 577 (1980).

Plaintiff alleges that the Widener Defendants conspired with the City of Chester Defendants "to dismiss Plaintiff as a student from the University and terminate his employment with the University" (Plaintiff's Complaint, para. 32), all in violation of his federal statutory and constitutional rights. Furthermore, Plaintiff pleads that "all Defendants were 'persons' within the meaning of §1983, in that at all times material hereto they were acting under the color of state law as a political subdivision of the Commonwealth of Pennsylvania, or a representative thereof." Plaintiff's Complaint at para. 35. None of the Widener Defendants are a political subdivision nor were they, at any relevant time, acting as a representative thereof, nor does Plaintiff plead any facts supporting such a claim.[1,2]

Moreover, the pleading of a conclusory allegation of concerted action and the "absence of facts establishing the conspiracy. . . does not satisfy the notice pleading requirements of the Federal Rules of Civil Procedure." *Abbott v. Lathshaw*, 164 F. 3d 141, 148 (3d Cir. 1988). And, here, the only allegations of conspiratorial wrongdoing is that the Widener Defendants conspired with the City of Chester Defendants "to dismiss plaintiff as a student from the University and terminate his employment with the University." Plaintiff's Complaint at para. 32. There are absolutely zero facts pled

---

[1] Nor does Plaintiff set forth a state law claim for conspiracy. "The requirements necessary to state a claim for civil conspiracy under Pennsylvania law are nearly identical to those for conspiracy under §1983. A plaintiff must allege: '1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose ; and 3) actual legal damage." Kist v. Fatula, supra, quoting Goldstein v. Philip Morris, Inc., 854 A.2d 585, 590 (Pa.Super. 2004).

[2] Widener University, Inc., is a private, non-profit educational institution, dually incorporated under the laws of the Commonwealth of Pennsylvania and State of Delaware, and Coughlin, Gifford and Sullivan are private individuals employed by the University.

relating to the time, place or nature of the alleged agreement and, more importantly, nothing is pled, or could be pled, as to the purpose for the alleged conspiratorial actions, that is, why the City of Chester Defendants would conspire with the Widener Defendants to dismiss Plaintiff as a student and employee of the University.

This Plaintiff possessed a five inch knife and illegal drugs on campus and had posted threatening messages and photographs of five handguns and a shotgun on his Facebook account. The action of the Widener Defendants in dismissing him was not only legal and appropriate, but necessary and required, to protect the members of the Widener college community. To somehow argue that the actions of the Widener Defendants, in notifying police of a potential threat, are improper flies in the face of both reason and (unfortunate) current reality. To argue further that Widener's actions, in suspending the student/employee from the University "under color of law" and as "a state actor," are improper or occurred as a result of a conspiracy with the Chester Defendants is equally specious, implausible and not pled with any of the required particularity and, as such, all of Plaintiff's federal claims against the Widener Defendants must be DISMISSED.[3]

> **B.    Can the Plaintiff maintain a cause of action under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, for refusal to accommodate where he has never disclosed a disability or sought an accommodation prior to his suspension from Defendant, Widener University?**

**Answer: No.**

The first notification that the Widener Defendants have received that Plaintiff claimed a disability and/or desired accommodations was set forth in Plaintiff's Complaint

---

[3] Plaintiff's other state actor/color of law federal claims, alleging violations of 42 U.S.C. §1985 (Count II), Fourteenth Amendment - Equal Protection (Count III), and Fourth Amendment – Right to Privacy (Count IV), are all based upon the improper premise that the Widener Defendants are state actors and must similarly be dismissed.

in the instant action. Where seeking redress under section 504 of the Rehabilitation Act, 29 U.S.C. 794 *et seq.*, for failure to accommodate, Plaintiff must first establish that he had disclosed his disability or was perceived as disabled by the Widener Defendants, and was subsequently refused reasonable accommodations *prior to his suspension* from the program.

When considering the Widener Defendants' Motion to Dismiss, this Court can accept "well-pled allegations as true for the purposes of the motion, [but] it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Francis v. Lehigh University*, No. 10-4300, 2011 U.S. Dist. LEXIS 6406,*5 (E.D.Pa., Jan. 24, 2011), *citing Morse v. Lower Merion School District*, 132 F.2d 902, 906 (3d Cir. 1997). Plaintiff pleads simply that the Widener Defendants regarded Plaintiff as having a disability and "refused to give Plaintiff any accommodation." Plaintiff's Complaint at paras. 54-55.

Initially, such pleading is inadequate to assert a claim under the standards enunciated by this Court and the Third Circuit as set forth above. However, even were this Court to consider the Plaintiff's Rehabilitation Act claim to be sufficiently pled, the fact that Plaintiff's claim of disability arose only after his suspension conclusively defeats his claim.

In *Leacock v. Temple University School of Medicine*, No. 07-1606, 1998 U.S. Dist. LEXIS 18871 (E.D. Pa., November 25, 1998), the Honorable James T. Giles was faced with a similar situation to the case at bar.

Leacock, a former student at Temple's School of Medicine, brought a discrimination action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, against Temple. Leacock had performed poorly in her academic endeavors and was informed that she would be academically dismissed. Following notification of

her academic dismissal by Temple, Leacock then informed Temple that she had a learning disability.

More specifically, on June 26, 1995, Leacock received a letter from Temple dismissing her from the school. The dismissal letter advised her of further appeal procedures. Three days later, on June 29, 1995, Leacock wrote to the school and stated her belief that she had certain learning related difficulties.

In its defense of her claim for disability discrimination under Section 504, Temple asserted "that it cannot be held liable under the Rehabilitation Act for failure to accommodate if it did not know, or have reason to know, of the student's alleged disability at the time it notified her that she was dismissed." *Id.* at *8-9. Furthermore, Temple argued "that Leacock's claims fail as a matter of law since she did not notify the medical school of her alleged learning disability until after she received notice of her dismissal in a letter dated June 26, 1995, from the Associate Dean for Curriculum." *Id.*

As Judge Giles reasoned:

> For a school to be able to make reasonable accommodations for a student, it must have knowledge that such accommodations are required. Therefore, where a student has failed to show that the school was aware of her disability at the time she was terminated, the student has failed to state a claim under the Rehabilitation Act. Further, the Rehabilitation Act does not require a school to reconsider its dismissal because a student subsequently provides evidence of a learning disability. (Citation omitted).

*Leacock v. Temple University School of Medicine, supra*, at *9-10. This District Court **dismissed** Plaintiff's Complaint in *Leacock*, holding that the complaint "failed to state a claim against Temple University School of Medicine." *Id.* at *12.

And, this Court has more recently affirmed and followed the *Leacock* holding in another almost identical situation to the case at bar. Judge Stengel wrote:

> [Plaintiff] cannot establish that Saint Luke's was aware of her diagnosed learning disorder prior to dismissal from the program, notwithstanding her assertion of poor admissions tests scores or a passing remark by a teacher. Where a student has failed to show that the school was aware of her disability at the time she was terminated, the student has failed to state a claim. *** The Motion to Dismiss will be granted. (Citations omitted.)

*Shamonsky v. Saint Luke's School of Nursing, et al.*, No 07-1606, 2008 U.S. Dist. LEXIS 20426, *10-11, 18 (E.D. Pa., March 17, 2008).

Wherefore, Plaintiff's Setion 504 claim must be DISMISSED.

    **C.** **Can the Plaintiff maintain a claim for violation of 18 U.S.C. §§2511 or 2701 relating to electronic or stored communications or for invasion of privacy for the viewing of postings on Plaintiff's Facebook page or as a result of e-mails forwarded to Widener Defendants by the Plaintiff?**

**Answer: No.**

Chapter 119 of Title 18 of the United Stated Code (18 U.S.C. §2511) provides for Wire and Electronic Communications Interception and Interception of Oral Communications, and prohibits, *inter alia*, the intentional interception of any wire, oral, or electronic communication. Plaintiff alleges a violation thereof by virtue of certain of the Widener Defendants' viewing of public postings on Plaintiff's Facebook page or e-mails actually sent by the Plaintiff to multiple persons, including certain of the Widener Defendants.

Chapter 121 of Title 18 of the United States Code (18 U.S.C. §2701) provides for Stored Wire and Electronic Communications and Transactional Records Access and prohibits, *inter alia*, intentional access without authorization to a facility through which

an electronic communication service is provided to obtain access to an electronic communication. Plaintiff also alleges a violation thereof by virtue of the viewing of Plaintiff's public postings on his Facebook page or e-mails sent the Plaintiff to multiple persons, including certain of the Widener Defendants.

However, the alleged viewing of Plaintiff's public Facebook page is expressly exempt from the application of both statutes:

> It shall not be unlawful under this chapter [Chapter 119] or Chapter 121 of this title for any person
>
> (i)  To intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public.

18 U.S.C. §2511(g)(i).

Plaintiff's public Facebook postings were accessible to the general public and/or forwarded to certain Widener Defendants by concerned students who had equal and permitted access to Plaintiff's Facebook postings and, thus, Plaintiff's claims relating to violations of Chapters 119 and 121 of Title 18, together with his Federal and State law invasion of privacy claims, must fail as a matter of law. Consequently Counts VI, VII and VIII must be dismissed.[4]

D.   CONCLUSION

Plaintiff has neither pled any cognizable claim, as a matter of law, against the Widener Defendants nor does this Court have subject matter jurisdiction over any alleged claim against the Widener Defendants. Thus, the Plaintiff's Complaint, as to the Widener

---

[4] And Plaintiff fails even to plead appropriately a state invasion of privacy claim, nor could he, under Pennsylvania law which requires (1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person and (4) is not of legitimate concern to the public. Plaintiff fails all four prongs of the Pennsylvania test. *See Harris v. Easton Pub. Co.*, 335 Pa. Super. 141, 483 A.2d 1377, 1384 (1984) quoted in *Vurimindi v. Fuqua School of Business*, 2011 WESTLAW 2601584, *4 (3d Cir. 2001).

Defendants, should be **DISMISSED** in its entirety in accordance with the attached proposed Order.

                                              Respectfully submitted:

                                        **IMPERATRICE, AMARANT & BELL, P.C.**

Date: 4/4/13                        By: _____
                                            ROCCO P. IMPERATRICE, III, ESQUIRE

**CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving the foregoing *Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law,* upon the following via U.S. Mail, First Class, addressed as follows:

*Lewis P. Hannah, Esquire*
*Clinton L. Johnson, Esquire*
1315 Walnut Street, Suite 1326
Philadelphia, PA 19107
*Attorney for Plaintiff*

IMPERATRICE, AMARANT & BELL, P.C.

By: _____
ROCCO P. IMPERATRICE, III, ESQUIRE
Attorney for Widener Defendants

Dated: April 4, 2013