## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL RODRIGUEZ** | : | **CIVIL ACTION NO.** |
| | : | |
| | : | |
| **Plaintiff** | : | **COMPLAINT** |
| **v.** | : | |
| **WIDENER UNIVERSITY,** | : | **JURY TRIAL DEMANDED** |
| **CITY OF CHESTER, PENNSYLVANIA,** | : | |
| **DAVID COUGHLIN, DENISE GIFFORD** | : | **No:2:13-CV-01336-JP** |
| **PATRICK SULLIVAN, MATTHEW** | : | |
| **DONOHUE** | : | |
| **Defendants** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, to wit, the _____ day of _____, 2013, upon

consideration of Defendants, Widener University, David Coughlin, Denise Gifford and Patrick

Sullivan's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R.Civ.P. 12(b)(1) and (6)

and Plaintiff's Response thereto, if any, it is hereby ORDERED AND decreed that Defendant's

Motion to Dismiss the Complaint is DENIED.

BY THE COURT:

_____

J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL RODRIGUEZ** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| | : | |
| **WIDENER UNIVERSITY,** | : | |
| **CITY OF CHESTER, PENNSYLVANIA,** | : | **No:2:13-CV-01336-JP** |
| | | |
| **DAVID COUGHLIN, DENISE GIFFORD** | : | |
| **PATRICK SULLIVAN, MATTHEW** | : | |
| **DONOHUE** | : | |
| **Defendants** | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### PURSUANT TO Fed. R. Civ. P (b)(1) and (6)

Plaintiff, Miguel Rodriguez by and through his counsel Lewis P. Hannah and Clinton
Johnson, hereby opposes Defendant's Motion to Dismiss.

1. Denied.

2. Admitted.

3. Denied. The allegation set forth in paragraph 3 is a legal conclusion the proof of
which would be determined by further discovery.

4. Denied. The allegation set forth in paragraph 3 is a legal conclusion the proof of
which would be determined by further discovery.

5. Admitted.

6.    Denied.  Prior to suspension, Defendants were presented with evidence of Plaintiff being treated and examined for a mental disability.

7.    Denied.  Section 504 of the Rehabilitation Act 29 U.S.C.§ 794 states that the term "individual with a disability" means any individual who:

(i)    has a physical or mental impairment which substantially limits one or more of said person's major life activities;

(ii)    has a record of said impairment; or

(iii)    is regarded as having such an impairment.

Plaintiff was diagnosed with being mentally impaired...as having a mental disability. Defendants were aware that Plaintiff was involuntarily committed to mental health facilities in both Chester, Pennsylvania and North Carolina.

8.    Denied.  The allegation set forth in paragraph 8 is based on an alleged fact that proof of which would be determined by further discovery...to wit the identify of "Broseidonsteale".

9.    Denied.  The allegation set forth in paragraph 9 is based on an alleged fact the proof of which would be determined by further discovery.

10.    Denied.  The allegation set forth in paragraph 10 is based on an alleged fact the proof of which would be determined by further discovery.

11.     Denied.  The allegation set forth in paragraph 11 is based on an alleged fact the proof of which would be determined by further discovery.

12. Denied.

13. Denied.

WHEREFORE, Plaintiff moves the Court to deny Defendant's Motion to Dismiss the Complaint.

Respectfully submitted,

Lewis P. Hannah, Esquire
Attorney for Plaintiff
1315 Walnut Street, Suite 1326
Philadelphia, PA 19107
Attorney for Plaintiff

Clinton L. Johnson, Esquire
Attorney for Plaintiff
1315 Walnut Street, Suite 1326
Philadelphia, PA 19107
Attorney for Plaintiff

Dated:  4/25/13

3

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL RODRIGUEZ** | : | **CIVIL ACTION** |
| | : | **NO:2:13-CV-01336-JP** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WIDENER UNIVERSITY,** | : | |
| **CITY OF CHESTER, PENNSYLVANIA,** | : | |
| **DAVID COUGHLIN, DENISE GIFFORD** | : | |
| **PATRICK SULLIVAN, MATTHEW** | : | |
| **DONOHUE** | : | |
| **Defendants** | : | |
| | : | |

## PLAINTIFF MIGUEL RODRIGUEZ'S MEMORANDA OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. Facts

On or about March 16, 2011, Plaintiff was required to appear in the office of Dean Denise Gifford.

On information and belief, Defendants, Gifford, Sullivan and Widener obtained proprietary information from Plaintiff's medical providers in North Carolina without Plaintiff's authorization.

On or about March 16, 2011, without Plaintiff's authorization Defendant Sullivan gained access to Plaintiff's Facebook account and printed images therefrom.

Without being advised of his "Miranda" rights, Plaintiff was interrogated by defendants Donahue, Sullivan and Gifford regarding certain email transmissions and Facebook postings.

During the interrogation Plaintiff was asked questions about his meritorious military service.

According to defendant Sullivan, plaintiff was suspended due to the fact that he was perceived to be a threat to the community and due to the fact that he displayed weapons on Facebook.

Also during the interrogation, defendant Donohue mistakenly thought he heard plaintiff say in, the presence of defendant Sullivan, something to the effect that he was trained to kill and would kill again.

Defendant Sullivan testified under oath that plaintiff did not make such a statement.

At the end of the interrogation defendant Donohue concluded that since plaintiff was "very calm", it was necessary for Plaintiff to be involuntarily evaluated mentally by a Psychiatrist at Crozer Chester Medical Center.

On information and belief, defendant Donohue communicated his conclusions to defendants Gifford and Sullivan

2

At the conclusion of the interrogation, plaintiff was involuntarily transported by Donahue in a marked police car to the Crozer Chester Medical Center.

During the investigation plaintiff was informed that he was temporarily suspended by defendant Widener University.

While in the police car and outside of the presence of defendants Sullivan and Gifford, defendant Donohue searched Plaintiff's backpack and found a knife and less than 30 grams of marijuana.

For the period commencing March 17, 2011 and ending March 24, 2011, Plaintiff was subjected to involuntary testing and evaluation. Thereafter, on information and belief, defendants, without Plaintiff's authorization, obtained results of his testing and evaluation from Crozer Chester Medical Center.

As the result of the involuntary commitment, Plaintiff was forced to miss an interview for admission to medical school, awards and school.

On or about March 24, 2011 plaintiff was discharged and cleared to return to school.

## II. ISSUES

**A.**   **Did the Widener Defendants Act Under Color of Law For Purposes of 42 U.S.C. §1983 and §1985 And The Fourth and Fifth and Fourteenth Amendments of the United States Constitution.**

**Answer: Yes.**

3

**B.**  **Can The Plaintiff Maintain A Cause Of Action Under Section 504 Of The Rehabilitation Act, 290 S.C. 79 et. Seq. For Refusal To Accommodate Where Plaintiff Was Regarded As Having A Mental Disability.**

  **Answer: Yes**

**C.**  **Can Plaintiff Maintain A Claim For Violation Of 18 U.S.C. §2511 or§ 2701 Relating to Electronic or Stored Communications or For The Invasion Of Privacy For The Viewing Of Postings on Plaintiff's Facebook Page Or As Result Of Emails Accessed By Widener Defendants**

  **Answer: Yes**

### III. ARGUMENT

When deciding a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true and factual allegations in the Complaint and draw all reasonable inferences in favor of the plaintiff and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the Complaint. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). To survive a motion to dismiss, it is not sufficient merely to recite the elements of the cause of action; rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "'This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence

4

of the necessary element.'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d

159, 177 (3d Cir. 2010) (quoting Phillips, 515 F.3d at 234) (internal quotation marks omitted).

In making this determination, the district court must consider "only the complaint, exhibits

attached to the complaint, matters of public record, as well as undisputedly authentic documents

if the complainant's claims are based upon those documents." Mayer, 605 F.3d at 230 (citing

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).


**A. Did the Widener Defendants Act Under Color of Law**
**For Purposes of 42 U.S.C. §1983 and §1985 And The**
**Fourth and Fifth and Fourteenth Amendments of the**
**United States Constitution.**

**Answer: Yes.**


To decide if a private party is a state actor for purposes of §1983 "the inquiry must be

whether there is sufficiently close between the State and the challenged action of the

private party so that the action of the latter may be fairly treated as that of the State itself".

Jackson v. Metro Edison Co., 419 U.S. 345, 351. "Although not an agent of the state, a

private party who willfully participates in a joint conspiracy with state officials to deprive

a person of a constitutional right acts 'under color of state law' for purposes of §1983."

Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998). Alternatively, a party, "by

setting in motion a series of acts by others which [the party knew] or reasonably should

5

[have known] would cause others to inflict the constitutional injury," is a state actor for purposes of §1983. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

The Widener defendants pre-arranged to have police officer Mathew Donohue present in the office of Defendant Gifford prior to the plaintiff's arrival on March 16, 2013. It remains to be seen why the uniformed officer was present. It is highly unlikely that a uniformed Chester Police officer is present for all meetings with students. The University's stated reason for dismissing plaintiff from school and terminating his employment was his possession of a small amount of marijuana and a pen knife. It is well pled that the possession of both were revealed only by search performed by co-conspirator Officer Donohue.

B.    **Can The Plaintiff Maintain A Cause Of Action Under Section 504 Of The Rehabilitation Act, 29 U.S.C. 794 et. Seq. For Refusal To Accommodate Where Plaintiff Was Regarded As Having A Mental Disability.**

**Answer: Yes**

The Rehabilitation Act states in relevant part:

> No otherwise qualified individual with a disability in the
> United States, as defined in Section 7(20) [29 U.S.C. §705
> (201)], shall solely by reason of her or his disability, be
> Excluded from the participation in, be denied the benefits of,
> Or be subjected to discrimination under any program or
> Activity receiving Federal financial assistance . . .

29 U.S.C. §794(a).

> The standards used to determine whether this section has been
> Violated in a complaint alleging employment discrimination
> Under this section shall be the standards applied under title I
> Of the Americans with Disabilities Act of 1990 (42 U.S.C. 1211 et.

6

> seq.) and the provisions of sections 501 through 504, and 510,
> of the Americans with Disabilities Act of 1990 (42 U.S.C,
> 12201-12204 and 12210), as such sections relate to employment.

19 U.S.C. §794(d).

> (A) In general. Except as otherwise provided in subparagraph (B), the
> Term "individual with a disability" means any individual who –
>
>> (i) has a physical or mental impairment which for such
>> Individual constitutes or results in a substantial impediment
>> To employment; and
>>
>> (ii) can benefit in terms of an employment outcome from vocational
>> Rehabilitation services provided pursuant to subchapter I, III or VI
>> Of this title
>
> (B) Certain programs; limitations on major life activities. Subject to
> Subparagraphs (C), (D), (E) and (F), the term "individual with a
> Disability" means, for purposes of sections 701, 711 and 712 of this
> Title and subchapters II, IV, V and VII of this chapter, any person who –
>> (i) has a physical or mental impairment which substantially
>> Limits one or more of such person's major life activities;
>> (ii) has a record of such an impairment; or
>> (iii) is regarded as having such ah impairment.

The Widener Defendants upon receiving the e-mail transmission and Facebook images

regarded Plaintiff as having a mental disability. Notwithstanding the fact that Plaintiff received

above average grades as a student in the University's Pre-med program. Defendants used

information obtained from Plaintiff's medical providers in North Carolina as the basis for

summoning him to the Dean's office on March 16, 2011. The Widener defendants received

information from co-conspirator Defendant Donahhue that Plaintiff on that day was involuntarily

committed for purposes of conducting a mental evaluation. As further proof that Plaintiff was

being regarded as mentally disabled, he was required to visit a mental health professional, Dr.

Beth Howlett of the University's Office of Disabilities Services. In regarding Plaintiff as having

such an impairment", Plaintiff was an "individual with a disability" as that term is defined at 19

U.S.C. §794(d)(A)(iii).

The Plaintiff was in fact perceived as disabled and was refused reasonable

accommodations prior to his suspension from the program.

**C.     Can Plaintiff Maintain A Claim For Violation Of
18 U.S.C. §2511 or §2701 Relating to Electronic or Stored
Communications or For The Invasion Of Privacy For
The Viewing Of Postings on Plaintiff's Facebook Page
Or As Result Of Emails Accessed By Widener Defendants
Answer:  Yes**

The intentional interception of any, oral or electronic communication is prohibited by

Chapter 119 of Title 18 U.S.C. 32511.  Similarly, the intentional access without authorization to

a facility through which an electronic communication service provided to obtain access to an

electronic communication is prohibited by Chapter 121 of Title 18 §2701.

Plaintiff's Complaint at paragraph 16 alleges that "on or about March 16, 2011, without

Plaintiff's authorization, Defendant Sullivan gained access to Plaintiff's Facebook account and

printed images therefrom.  It remains to be determined how Widener Defendant obtained the

Facebook images and e-mail information and whether or not they were accessible to the general

public.  Of primary importance is they were not posted by Plaintiff.

## CONCLUSION

Plaintiff has plead cognizable claims against the Widener Defendants.  The Court should

dismiss defendant's motion for the reasons set forth above.

Respectfully submitted,

_____
Lewis P. Hannah, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law, upon the following via U.S. Mail, First Class, addressed as follows:

Rocco P. Imperatrice, III, Esquire
Imperatrice, Amarant & Bell, P.C.
3405 West Chester Pike
Newtown Square, PA 19073

**LEWIS P. HANNAH & ASSOCIATES**

Lewis P. Hannah, Esquire
Attorney for Miguel Rodriguez

Dated:  4/25/13

14